UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DONALD PATTON, CIVIL NO. 00-2567 (RHK/JMM)

Plaintiff,

v. ORDER

GENERAL MILLS, INC.

Defendant.

Plaintiff has filed a Complaint alleging that his former employer, Defendant General Mills, discriminated against him on the basis of his race during the course of his employment. The matter is before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.)

Plaintiff has not used the IFP application form that has been approved for use in this District, but has instead submitted a self-styled "Motion To Proceed In Forma Pauperis." As a result, Plaintiff has not provided the information about his income, assets, and financial responsibilities that the form seeks to elicit. Indeed, Plaintiff's motion provides no financial information whatsoever.

Because of the gross insufficiency of Plaintiff's IFP application, the Court has no basis to conclude that he is unable to pay the filing fee and other costs associated with this action. Plaintiff's motion for IFP status must therefore be denied.

The Court recognizes, however, that Plaintiff may indeed be indigent, and that he may be financially eligible to proceed IFP in this matter. Therefore, his IFP application will be denied without prejudice, and he will be given an opportunity to file a new IFP Application.

NOV 29 2000
CLERK

The Clerk of Court shall provide Plaintiff with a blank copy of the IFP Application form prescribed for use in this district, and Plaintiff will be permitted to fill out the new form, accurately and completely , and file it with the Court as an Amended IFP Application. The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in his Amended IFP Application form. The Court will also determine whether Plaintiff's Complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).

If Plaintiff elects to file an Amended IFP Application, he must also submit an extra copy of his complaint and a completed form USM-285, so that service of process can be performed by the U.S. Marshal, if IFP status is granted.

If Plaintiff does not file an Amended IFP Application by December 21, 2000, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion To Proceed In Forma Pauperis," (Docket No. 2), is DENIED without prejudice;

2. The Clerk of Court shall provide Plaintiff with a copy of the IFP application form to be used in this District; and

3. Plaintiff may file an Amended IFP Application on or before December 21, 2000, failing which it will be recommended that the action be dismissed without prejudice.

Dated: November 22, 2000

JOHN M. MASON
United States Magistrate Judge